UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00307-MOC-DCK

| | |
|---|---|
| **BARBARA HARRIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **SOUTH CHARLOTTE PRE-OWNED AUTO** ) | |
| **WAREHOUSE, LLC,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#5) pursuant to Rule 12(b)(5). Plaintiff has filed a Response and defendant has filed a Reply.

**FINDINGS AND CONCLUSIONS**

**I.     Background**

Plaintiff filed her Complaint on June 11, 2014, and had 120 days from such filing to obtain and secure process. Fed.R.Civ.P 4(c)(1) & (m). Rule 4(h) provides the manner in which a plaintiff must serve a corporation. If a plaintiff fails to perfect service on a corporation in the manner set forth by Rule 4(h) within the 120 day time period, the Rule provides that the court "must" dismiss the action without prejudice or order that the plaintiff perfect service within a specified time period. Fed.R.Civ.P. 4(m). If, however, the plaintiff demonstrates good cause for the failure to timely serve the defendant, the court must extend the time period for plaintiff to perfect service. Id. While an outlier, current binding precedent mandates dismissal of the case if good cause is not shown.

In moving to dismiss, defendant contends that it was served some 55 days after the 120 day window for service of process closed under Rule 4(m), Federal Rules of Civil Procedure. Plaintiff, who is represented by counsel, counters that the delay was attributable to a process server who was hired by counsel, given the process package to serve, but never served process.

**II.     Discussion**

Review of the response reveals that counsel for plaintiff waited 90 days after filing the Complaint to engage the services of an unnamed process server. Apparently, no attempts were made to serve process in the first 90 days, even though the Clerk of Court issued process the day the Complaint was filed.

After engaging a process server at or around day 90, the response does not reveal that plaintiff's counsel supervised or checked on the process server she hired at any time before the time for service ran on day 120. Even though the time for service ran on October 9, 2014, counsel states that she did not discover the lapse until an unspecified day in November 2014. She then hired a second process server, who served the corporate defendant on December 2, 2014, which was 175 days from the filing of the Complaint and 55 days after the time allowed under Rule 4(m) had expired. Plaintiff did not file a motion to reopen and enlarge the time for service and does not explain in her Response why, when she discovered that process had not been served by October 9, 2014, she did not file a motion to reopen and enlarge the time for service under Rule 4 before serving defendant with what was then facially stale process.

As mentioned above, it is plaintiff's burden to now show "good cause" for service outside the 120 days allowed for service. The thrust of plaintiff's argument is that it was the first process

server's fault because he or she inexplicably abandoned their duties.[1] Counsel for plaintiff argues that such disappearance of her process server amounts to good cause and that "[a] professional process server disappearing without any notice is unique; in fact, there seems to be no indication this issue has been litigated in any federal district." Response (#10) at 4. The court questions counsel's research on this issue as well as her underlying thesis.

First, this precise issue *has* in fact been litigated in the Fourth Circuit and was the subject of an unpublished Fourth Circuit decision on Westlaw. In Clark v. E.I. DuPont de Nemours and Co., Inc., 86 F.3d 1149 (Table), 1996 WL 283321 (4th Cir. May 30, 1996) (*per curiam*), the Court of Appeals for the Fourth Circuit held as follows:

> Clark's only excuse for her failure to timely serve the Defendant was that she relied on a commercial process server "but for reasons unknown to [her], service was not made." (Brief of Appellant, p. 6). Moreover, Clark's motion for enlargement of time was not filed until five months after the expiration of the 120-day limit. We agree with the district court's conclusion that Clark failed to establish either good cause for her failure to comply with Rule 4(m) or excusable neglect entitling her to an extension under Rule 6(b).

Id. 1996 WL at *1. Thus, not only has the issue been litigated, there is case law precisely on point. While Clark is not binding on this court because it is unpublished, it is highly persuasive.

Second, the court does not concur in plaintiff's underlying thesis that the fault was attributable to a process server. The core concern is the duty of counsel to supervise the people she employs, be they secretaries, paralegals, associates, investigators, or process servers. Had counsel researched that topic, the court believes she would have found an abundance of cases missteps being attributed by counsel to paralegals, secretaries, and runners. See Van Horn v.

---

1     While counsel for plaintiff has not submitted any affidavit as to what occurred, provided the court with any copy of any engagement letter or contract with the process server, or even referenced the name of the process server, the court takes counsel's Response as accurately reflecting what occurred as counsel is a sworn officer of this court.

Perrine, 1991 WL 4655, at *1 (4th Cir. Jan. 18, 1991) (attempting to blame a secretary's errors for missing deadlines does not establish good cause); Morris–Belcher v. Housing Authority of City of Winston–Salem, 2005 WL 1423592, at *4 (M.D.N.C. June 17, 2005) (finding that an attorney having a heavy caseload did not constitute excusable neglect, especially where the attorney failed to explain why he did not move for an extension before the deadline).

Consideration of good cause must at least begin with at an acknowledgement of what went wrong and acceptance of responsibility. At no point in the Response does counsel take personal responsibility for failure to serve process within the time allowed, explain why she did not conduct even minimal supervision of the process server by entering a service check on her calendar, or explain why she did not and has not sought a reopening and enlargement of time as allowed under Rule 4(m). Indeed, Clark specifically recites what must be shown where, as here, the time for service expired before service:

> Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause. Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir.1995). "Both Rule 4(m) and Rule 6(b) allow the district court discretion to extend the time for service." Id. at 79. If the request is made after the expiration of the 120-day period, the moving party must show that the failure to act "was the result of excusable neglect." Fed.R.Civ.P. 6(b).

Clark, 1996 WL at *1. As plaintiff has not moved to reopen and extend the time for service, the excusable neglect standard is inapplicable and plaintiff is limited to showing good cause, which is "'as strict or even more stringent than the excusable neglect standard.'" Davis v. Trans Union, 526 F.Supp.2d 577, 583 (W.D.N.C. 2007) (citations omitted). In any event, as the Court of Appeals for the Fourth Circuit has advised, a dismissal for counsel's procedural missteps is a very harsh sanction:

> As courts, our purpose is to "render judgments in accordance with the substantial rights of the parties." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 648, 82 S.Ct. 1386, 1398, 8 L.Ed.2d 734 (1962) (Black, J., dissenting). As a result, we have long adhered to "the sound public policy of deciding cases on their merits," *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir.1989) (quotation omitted); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978); *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir.1974), and not "depriving ... part[ies] of [their] 'fair day in court.' " *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 504 (4th Cir.1977) (quoting Gill v. Stolow, 240 F.2d 669, 670 (2d Cir.1957) (Clark, J.)), *cert. denied*, *472 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). This policy of deciding cases on their merits is so strong that, when a plaintiff has committed a procedural error, we will allow a district court to impose on him the "harsh sanction" of prejudicial dismissal, *Herbert*, 877 F.2d at 269; *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982), only in the "extreme cases," *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir.1976); 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil § 2369*, at 193 (1971), where the plaintiff has shown "a clear record of delay" or has engaged in "contumacious conduct." *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir.1978).

Choice Hotels Intern., Inc. v. Goodwin and Boone, 11 F.3d 469, 471-72 (4th Cir. 1993).

Turning to the requirement of consideration of good cause under Rule 4(m), defendant has properly cited the court to Mendez v. Elliot, 45 F.3d 75 (4th Cir.1995). While that decision is the law of the Fourth Circuit, which this court is bound to follow, it has been seriously called into question in recent years as plaintiff argues. First, the Mendez decision is a stand-alone interpretation of Rule 4(m) as every other circuit which has addressed the issue, to wit, the Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits, have all found that a district court has discretion to grant relief even where good cause is not shown. Second, the Advisory Committee Notes to Rule 4(m) provide that:

> the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Advisory Committee's Notes on 1993 Amendments to Fed.R.Civ.P. 4(m). While that note existed at the time <u>Mendez</u> was decided, it was not discussed in the decision. Third, after <u>Mendez</u>, the Supreme Court held in <u>Henderson v. United States</u>, 517 U.S. 654 (1996) that Rule 4(m) permits the district courts to enlarge the time for service "even if there is no good cause shown." <u>Id.</u> at 662.

Fourth, the continued vitality of the holding in <u>Mendez</u> is the subject of much debate. In <u>Chen v. Mayor & City Council of Baltimore</u>, 292 FRD 288, 292-293 (D.Md. 2013), the district court, while recognizing that there was disagreement (especially in the District of Maryland) as to whether <u>Mendez</u> remained good law, followed <u>Mendez</u> as it remained binding precedent in the Fourth Circuit. <u>Id.</u> The pro se plaintiff in <u>Chen</u> appealed that decision to the Court of Appeals for the Fourth Circuit, which affirmed the district court in a unpublished, *per curiam* "for the reasons stated by the district court" decision. <u>Chen v. Mayor & City Council of Baltimore</u>, 546 F. App'x 187, 188 (4th Cir. Nov. 12, 2013). Still proceeding pro se, plaintiff sought and received *certiorari* on the following issue:

> Whether, under Federal Rule of Civil Procedure 4(m), a district court has discretion to extend the time for service of process absent a showing of good cause, as the Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits have held, or whether the district court lacks such discretion, as the Fourth Circuit has held?

<u>Chen v. Mayor & City Council of Baltimore</u>, No. 13–10400, 2014 WL 2532102 (Nov. 7, 2014). Apparently injured during a business trip, the pro se plaintiff failed to file a brief on the merits or respond to correspondence from the Supreme Court within the time allowed and *certiorari* was dismissed. <u>Chen v. Mayor & City Council of Baltimore</u>, No. 13–10400, 135 S.Ct. 939 (Jan. 9, 2015). Proceeding for the first time with counsel, petitioner's request for rehearing of that dismissal was denied by the Supreme Court the following month. <u>Chen v. Mayor & City Council</u>

of Baltimore, No. 13–10400, 2015 WL 733379 (Feb. 23, 2014).  A rare opportunity to clarify an important issue and address a split in the circuits has surely been missed.

With that history, the court turns back to the task at hand.  With good cause lacking and little hope of having the issue resolved by the appellate courts, this court is at crossroads: it can proceed as did its colleague Honorable George L. Russell, III, United Stated District Judge for the District of Maryland, in Chen and rely on *stare decisis* to deny plaintiff, who is here without fault, any opportunity to litigate her claim;[2] or it can follow the path taken by another colleague, Honorable Catherine C. Blake, Chief District Judge for the District of Maryland in Hammad v. Tate Access Floors, Inc., 31 F.Supp.2d 524 (D.Md.1999) and depart from Mendez in light of the Supreme Court decision in Henderson and the 1993 *Advisory Committee Notes* to Rule 4(m).  This court elects the latter path and joins with Judge Blake, who reasoned as follows:

> [i]n light of the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process, in conjunction with the other circuit courts' unanimous rejection of the Mendez court's position, this court concludes that *Mendez* is no longer good law and that, if given the opportunity, the Fourth Circuit perforce would adopt the interpretation of Rule 4(m) held by the Supreme Court and the other circuit courts.

Hammad v. Tate Access Floors, Inc., 31 F.Supp.2d 524, 526 (D.Md.1999).  In addition to those reasons, the court finds that such interpretation, while departing from Mendez, gives full force and effect to the concerns expressed by the Fourth Circuit in Choice Hotels Intern., Inc., the continued vitality of which has not been called into doubt, that federal courts are here to resolve cases on the merits, to avoid procedural defaults whenever possible, and to issue the sanction of dismissal only in extreme cases of plaintiff misconduct.  Choice Hotels Intern., Inc., supra.

---

2    It appears that if dismissed, plaintiff's claim would be time barred.

The application of <u>Henderson</u> and <u>Hammad</u> does not, however, result in an automatic application of discretion in favor of plaintiff. Courts which have considered a discretionary enlargement of time under Rule 4(m) in the absence of good cause consider a variety of factors, including whether there is a clear record of delay or contumacious conduct by the plaintiff and whether a lesser sanction would better serve the interests of justice. <u>Thrasher v. City of Amarillo</u>, 709 F.3d 509, 512-13 (5th Cir. 2013). Here, there is no record of any delay or misconduct by the plaintiff; instead, the missteps are clearly attributable to her attorney, who appears to have simply dropped the ball in her service obligations. A sanction that punishes plaintiff for the misconduct of counsel does little to serve the interests of justice, which are well expressed in <u>Choice Hotels Intern., Inc.</u>, <u>supra</u>. The court believes it can tailor a sanctions which adequately addresses defendant's concerns without harming an innocent plaintiff, as discussed <u>infra</u>. Such exercise of discretion should also take into consideration other factors, such as whether: (1) the expiration of a statute of limitations during the pending action would prevent refiling, (2) defendant evaded service, (3) defendant's ability to defend would be prejudiced by an extension, (4) defendant had actual notice of the lawsuit, (5) defendant was eventually served; (6) plaintiff ever requested an extension or reopening of time for service; and (7) whether plaintiff utilized the time that had been allotted for service. <u>See</u> <u>generally</u> <u>Coleman v. Milwaukee Bd. of Sch. Dirs.</u>, 290 F.3d 932, 934 (7th Cir.2002); <u>United States v. McLaughlin</u>, 470 F.3d 698, 700 (7th Cir.2006); <u>Troxell v. Fedders of N. Am., Inc.</u>, 160 F.3d 381, 383 (7th Cir.1998). Further, this court considers a balance of the hardships.

Having considered all of those factors, the court finds that: there is evidence that the statute of limitations ran during the interim; there is no evidence that defendant did anything to hinder

service; there is no evidence that defendant has been prejudiced in its ability to defend this suit as notice was served within six months of the action being filed; counsel for plaintiff never filed a motion to reopen and enlarge the time for service; counsel for plaintiff, in waiting 90 days to commence service, did not make good use of her time; and that service, albeit imperfect, was eventually made outside the time allowed under Rule 4(m). In considering those factors both quantitatively and qualitatively, and balancing the hardships, the court finds that plaintiff's lack of personal fault and the fact that her action will likely be time barred tip the balance in favor of a discretionary extension of time. While the court has given substantial weight to defendant's direct concerns, those concerns amount to inconvenience and cost in that defendant had to wait an additional 55 days to receive notice of this lawsuit and likely incurred substantial legal bills in filing what the court finds to be a very appropriate Motion to Dismiss. There is also an indirect concern for defendant, which is more of a concern of this court: counsel for plaintiff's lack of diligence and what appears to be non-compliance with the Federal Rules. When the hardship and concerns of the defendant are considered, the sanction of a dismissal which would in reality be prejudicial is too harsh where the plaintiff is blameless. Had plaintiff been uncooperative with her attorney's efforts and hindered counsel in hiring a process server, the result may well be different. Here, however, the fault is purely attributable to counsel for plaintiff, making a sanction directed at counsel a more appropriate avenue to both redress defendant's hardships and assure compliance with Rule 4(m) in the future by not only this attorney, but by others.

### III. Conclusion

For these reasons the court will deny the Motion to Dismiss, and by exercising its discretion under Rule 4(m), reopen and enlarge the time for service to include, *nunc pro tunc*, December 2,

2014, the date of service herein. Finding that a lesser sanction is sufficient to address counsel for plaintiff's procedural errors, defendant will be granted leave to file at the conclusion of trial a Motion for Attorneys' Fees and Costs incurred in maintaining its Motion to Dismiss, which will be payable by counsel for plaintiff.

Recognizing that there is a real possibility that this court has chosen the wrong horse in not dismissing this case as its learned colleague Judge Russell did in <u>Chen</u>, the court will allow defendant, if it is so inclined and if approval of this court is required, to seek interlocutory review of this decision. The economic realities of this case (in which plaintiff appears to seek damages stemming from lending practices surrounding a modest consumer loan) may well counsel the parties to seek another more amicable and efficient resolution. While the court welcomes appellate scrutiny of this decision, this may not be a case which justifies the enormous expenditure of resources necessary to resolve the issue which had earlier been so well teed up for resolution by the Supreme Court by Judge Russell in <u>Chen</u>. If the parties amicably resolve this matter, the court expects the parties to resolve all issues, including the award of costs and fees.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#5) is **DENIED**, the time for service of process under Rule 4(m) is reopened and enlarged up to and inclusive of December 2, 2014, service is **DEEMED** timely *nunc pro* tunc, and defendant is **GRANTED** leave to file a Motion for Costs and Fees at the conclusion of trial.

Defendant shall Answer or otherwise respond to the Complaint within 14 days.

Signed: April 27, 2015

Max O. Cogburn Jr
United States District Judge