# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-307-MOC-DCK

| | |
|---|---|
| BARBARA HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| SOUTH CHARLOTTE PRE-OWNED AUTO WAREHOUSE, LLC, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Stay Proceeding And To Compel Binding Arbitration" (Document No. 22). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

## BACKGROUND

Plaintiff Barbara Harris ("Plaintiff") initiated this action with the filing of a "Complaint" (Document No. 1) on June 11, 2014. The Complaint asserts causes of action pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. related to Plaintiff's purchase and financing of automobiles from South Charlotte Pre-Owned Auto Warehouse, LLC ("Defendant"), in or about June 2013. (Document No. 1). Attached to the Complaint are two (2) "Retail Installment Contract – Consumer Credit Document[s]" (Document Nos. 1-1 and 1-2) (the "Contracts"). The Contracts both include an "Arbitration Clause." (Document No. 1-1, pp.5-6; Document No. 1-2, pp.5-6). Apparently, Defendant was not served with a Summons and Complaint until on or about December 2, 2014. (Document No. 3).

"Defendant South Charlotte Pre-Owned Auto Warehouse, LLC's Motion To Dismiss Plaintiff's Complaint" (Document No. 5) was filed on December 11, 2014. Defendant's "…Motion To Dismiss…" sought dismissal based on Fed.R.Civ.P. 12(b)(5) based on Plaintiff's alleged failure to timely serve process pursuant to Fed.R.Civ.P. 4(m). Defendant's "…Motion To Dismiss…" does not mention any applicable arbitration provision. (Document No. 5). On April 27, 2015, following briefing by the parties that included "Plaintiff's Response To Defendant's Motion To Dismiss" (Document No. 10), the Court issued an "Order" (Document No. 12) denying Defendant's "…Motion To Dismiss…" (Document No. 5).

Defendant's "Answer To Complaint" (Document No. 13) was filed on May 11, 2015. Despite multiple affirmative defenses, the Answer fails to mention arbitration. (Document No. 13).

The parties filed a "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 17) on May 28, 2015. That Report, *inter alia*, proposed that the parties would complete discovery by December 4, 2015, and file potentially dispositive motions by January 8, 2016. (Document No. 17). The portion of the form that requests parties to "identify any other matter regarding discovery or case management which may require the Court's attention" was left blank. <u>Id.</u>

The Court issued a "Pretrial Order And Case Management Plan" (Document No. 18) on June 8, 2015. The "…Case Management Plan" included the following deadlines: discovery completion – December 4, 2015; mediation – December 15, 2015; and dispositive motions January 8, 2016. (Document No. 18).

On October 21, 2015, "Defendant's Motion For Extension Of Time To Respond To Plaintiff's First Set Of Interrogatories, First Request For Production Of Documents And First

Request for Admissions" (Document No. 19) was filed with the Court. Defendant's request acknowledged the receipt of Plaintiff's discovery requests on September 22, 2015, and asserted that Defendant needed "additional time within which to gather data and information in order to prepare its responses to Plaintiff's Discovery." (Document No. 19, p.2). The extension of time was allowed as requested. (Document No. 20).

Now pending is "Defendant's Motion To Stay Proceeding And To Compel Binding Arbitration" (Document No. 22) filed November 13, 2015. By the instant motion, Defendant asserts for the first time – more than eleven (11) months after being served with the Complaint – that this matter is subject to arbitration pursuant to the Contracts. (Document No. 22). "Plaintiff's Response To Defendant's Motion To Stay Proceeding And To Compel Binding Arbitration" (Document No. 24) was filed December 3, 2015; and Defendant's "…Reply In Support Of Motion To Stay…" (Document No. 25) was filed on December 4, 2015.

## DISCUSSION

There is no dispute that the parties entered into written contracts that provide that either party may require a dispute to be arbitrated before or after a lawsuit has been started. (Document Nos. 23 and 24); see also (Document No. 23-3, p.5; Document No. 23-4). The question before the Court is whether Defendant waived its contractual right to compel arbitration.

Plaintiff argues that it has been prejudiced by Defendant's delay of almost one (1) year, including the time and resources she has spent in this litigation that would have otherwise been unnecessary. (Document No. 24, pp.1-2). Plaintiff notes the following caselaw:

> "[A] party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration." *Cyclone Roofing Co. v. David M. LaFave Co.*, 321 S.E.2d 872, 876 (N.C. 1984). A party may be prejudiced if, "by reason of delay, a party has taken steps in

3

> litigation to its detriment or expended significant amounts of money thereupon." *Id.* at 877. Furthermore, "[a] litigant may waive its right to invoke the Federal Arbitration Act by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *Maxum Foundations, Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985). In *Maxum*, the court found that a three month lapse between the filing of the operative complaint the filing of a motion to compel arbitration was a "mere delay" insufficient to constitute waiver, and that the defendant's participation in discovery did not prejudice the plaintiff. *Id.* at 981-82.

(Document No. 24, pp.2-3).

Plaintiff further notes that Defendant has failed to offer any excuse or explanation for its delay in seeking arbitration, which "has caused Plaintiff to incur the expense of time and fees in defending Defendant's motion to dismiss, participating in a Rule 26(f) conference, preparing a case management plan and scheduling order, and preparing and serving written discovery requests – hours of time that would not have been incurred had Defendant elected arbitration in a timely manner." (Document No. 24, p.3).

In "…Reply…," Defendant acknowledges that the key inquiry is whether Plaintiff has been prejudiced by the delay. (Document No. 25, p.1) (citing Carolina Throwing v. S&E Novelty, 442 F.2d 329, 330 (4th Cir. 1971)). Defendant goes on to state that, "despite the passage of time since the filing of this action, very little has been done in furtherance of the prosecution of this action." (Document No. 25, p.2). Defendant further notes that no depositions or mediation have been scheduled. Id. Defendant asserts that contrary to previous claims by Plaintiff, it did timely serve its discovery responses on November 23, 2015. (Document No. 25).

After careful review of the record and the briefs, the undersigned takes a slightly different view of the current circumstances than Defendant seems to. Although Defendant observes that very little has been done, the undersigned notes that Defendant acknowledges that Plaintiff made

timely discovery requests, to which it has responded. Noting that there has been no mention of any other pending discovery, it appears that Court-sanctioned discovery in this matter complete.[1] Discovery was due to be complete by December 4, 2015, and other than Defendant's request for additional time which has now passed, there has been no other request to extend discovery, or any other case deadline. See (Document No. 18).

As such, the parties' mediation report is due soon, on December 15, 2015, and dispositive motions are to be filed by January 8, 2016. The undersigned finds Plaintiff's arguments persuasive that it would be prejudiced if this matter were stayed and arbitration compelled, particularly recognizing that this matter has been litigated for over a year and is very near its conclusion via settlement, dispositive motion, or trial.

The undersigned recognizes the "liberal federal policy favoring arbitration agreements," and does not reach this decision lightly. See Owens v. Dillard's, Inc., 3:14-CV-433-FDW-DCK, 2014 WL 6605130, at *1 (W.D.N.C. Nov. 20, 2014) (quoting Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002)). Owens notes that "[i]n order to waive its right to insist on arbitration, a party must 'so substantially utiliz[e] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay.'" Owens, 2014 WL 6605130, at *2 (quoting MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001)).

Another recent decision notes that "[w]here a party fails to demand arbitration during pretrial proceedings, and, in the meantime, engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e. prejudiced." Braithwaite v. Edgewood Mgmt. Corp., 2014

---

[1] The parties may consent to additional discovery. (Document No. 18, p.3).

WL 69107, at *3 (D.Md. Jan. 7, 2014) (quoting Wheeling Hosp. Inc. v. HealthPlan of the Upper Ohio Valley, Inc., 683 F.3d 577, 587 (4th Cir. 2012)).

> Actual prejudice does not "exist simply because the opposing party expended resources before a delayed arbitration demand." *Ford Motor Credit Co. v. Roberson,* CIV. WDQ–10–1041, 2010 WL 4286077, at *4 (D.Md. Oct. 29, 2010); *Fraser,* 817 F.2d at 251–52 ("Neither delay nor the filing of pleadings by the party seeking a stay will suffice, without more, to establish waiver of arbitration."). In evaluating a claim of prejudice, "delay and the extent of the moving party's trial-oriented activity are material factors." *Wheeling Hosp.,* 683 F.3d at 587 (*citing MicroStrategy,* 268 F.3d at 249) (internal quotations omitted). Prejudice may be found when: "(1) the opposing party expended significant time and money responding to motions *filed by the moving party,* or (2) the opposing party engaged in discovery not available in arbitration or revealed trial strategy to the moving party." *Roberson,* 2010 WL 4286077, at *4 (emphasis in original).

Braithwaite v. Edgewood Mgmt. Corp., 2014 WL 69107, at *4.

Here, the undersigned finds that the extent of Defendant's activity in litigating this matter for a year has led Plaintiff, and the Court, to assume that Defendant had waived any right to arbitration. Defendant's activity for over eleven (11) months was entirely inconsistent with an intent to arbitrate. To date, Defendant has failed to offer any explanation for its delay and why the Plaintiff and the Court should have been allowed to continue to spend time and resources on this matter if Defendant ultimately planned to demand arbitration. Moreover, the undersigned is persuaded that Plaintiff would suffer prejudice if this matter were remanded to initiate an arbitration process, especially when the final deadlines for this lawsuit are imminent.

Based on the foregoing, the undersigned finds that Defendant's pending motion should be denied.

6

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Stay Proceeding And To Compel Binding Arbitration" (Document No. 22) is **DENIED**.

Signed: December 9, 2015

David C. Keesler
United States Magistrate Judge