# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:14-CV-307-MOC-DCK

| | |
|---|---|
| BARBARA HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SOUTH CHARLOTTE PRE-OWNED AUTO ) | |
| WAREHOUSE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Extend Discovery Deadline" (Document No. 32) and "Plaintiff's Motion To Compel Discovery" (Document No. 35). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for review and disposition. Having carefully considered the motions and the record, and applicable authority, the undersigned will grant the motion to extend the discovery deadline, and deny the motion to compel discovery.

## BACKGROUND

Plaintiff Barbara Harris ("Plaintiff") initiated this action with the filing of a "Complaint" (Document No. 1) on June 11, 2014. The Complaint asserts causes of action pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, related to Plaintiff's purchase and financing of automobiles from South Charlotte Pre-Owned Auto Warehouse, LLC ("Defendant"), in or about June 2013. (Document No. 1). Attached to the Complaint are two (2) "Retail Installment Contract – Consumer Credit Document[s]" (Document Nos. 1-1 and 1-2) (the "Contracts").

"Defendant South Charlotte Pre-Owned Auto Warehouse, LLC's Motion To Dismiss Plaintiff's Complaint" (Document No. 5) was filed on December 11, 2014. Defendant's

"…Motion To Dismiss…" sought dismissal based on Fed.R.Civ.P. 12(b)(5) based on Plaintiff's alleged failure to timely serve process pursuant to Fed.R.Civ.P. 4(m). On April 27, 2015, following briefing by the parties, the Honorable Max O. Cogburn, Jr. issued an "Order" (Document No. 12) denying Defendant's "…Motion To Dismiss…" (Document No. 5).

Defendant's "Answer To Complaint" (Document No. 13) was filed on May 11, 2015. The parties filed a "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 17) on May 28, 2015. That Report, *inter alia*, proposed that the parties would complete discovery by December 4, 2015, and file potentially dispositive motions by January 8, 2016. (Document No. 17). The Court issued a "Pretrial Order And Case Management Plan" (Document No. 18) on June 8, 2015. The "…Case Management Plan" included the following deadlines: discovery completion – December 4, 2015; mediation – December 15, 2015; and dispositive motions - January 8, 2016. (Document No. 18).

On October 21, 2015, "Defendant's Motion For Extension Of Time To Respond To Plaintiff's First Set Of Interrogatories, First Request For Production Of Documents And First Request for Admissions" (Document No. 19) was filed with the Court. Defendant's request acknowledged the receipt of Plaintiff's discovery requests on September 22, 2015, and asserted that Defendant needed "additional time within which to gather data and information in order to prepare its responses to Plaintiff's Discovery." (Document No. 19, p.2). The extension of time was allowed as requested, giving Defendant until November 23, 2015 to fully respond to Plaintiff's discovery requests. (Document No. 20).

"Defendant's Motion To Stay Proceeding And To Compel Binding Arbitration" (Document No. 22) was filed on November 13, 2015. The Court ultimately concluded that Defendant had waived any right to arbitration based on its conduct for over eleven (11) months of

litigation that was entirely inconsistent with an intent to arbitrate and denied Defendant's motion. (Document No. 27).

On December 14, 2015, one (1) day before the mediation deadline and ten (10) days *after* discovery had closed, the parties filed a "Joint Motion To Extend Time To Conduct Mediation And Complete Discovery" (Document No. 29). The Court subsequently approved the extensions of the mediation and discovery deadlines to January 19, 2016 and February 2, 2016, respectively. (Document No. 30). A "Certification Of Mediation Session" (Document No. 31), reporting that the parties had reached an impasse, was filed on January 13, 2016.

On January 29, 2016, "Plaintiff's Motion To Extend Discovery Deadline" (Document No. 32) was filed with the Court. By the pending motion, Plaintiff asserts that Defendant had acknowledged its discovery responses were deficient, and that it intended to file supplemental responses, but that Defendant had failed to supplement by January 29, 2016. (Document No. 32, p.2). Moreover, Plaintiff asserts that it had sought dates for deposing Defendant's witnesses but had received no response. Id. It appears that Defendant declined to confer regarding the instant motion consistent with Local Rule 7.1 (B), but filed a response to the motion on February 8, 2016. (Document No. 32, p.3; Document No. 37). Defendant acknowledges in its response that it served supplemental discovery responses on February 3, 2016, one day after the revised discovery deadline. "Plaintiff's Reply…" (Document No. 41) was filed on February 19, 2016, and argues that discovery should be reopened for depositions, since Defendant disclosed 68 pages of additional documents after discovery closed.

Meanwhile, "Plaintiff's Motion To Compel Discovery" (Document No. 35) was filed on February 2, 2016 - the last day of the revised discovery period - seeking an order compelling Defendant to serve supplemental responses to Plaintiff's discovery requests. In its "…Brief In

Support…" Plaintiff adds that it also seeks an order compelling Defendant to produce its witnesses for depositions after Defendant serves its supplemental responses. Defendant's response was filed on February 12, 2016, asserting that it had supplemented discovery responses, as promised, on February 3, 2016, and that Plaintiff's request to compel certain depositions is improper since Plaintiff never sent a deposition notice. (Document No. 38). "Plaintiff's Reply In Support…" (Document No. 42) was filed February 22, 2016. The reply contends that Defendant has yet to completely respond to Plaintiff's discovery requests. (Document No. 38).

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d

1134, 1139 (4th Cir. 1986) (same).  A party's failure to provide or permit discovery may result in sanctions, including reasonable expenses caused by the failure, and/or additional sanctions.  See Fed.R.Civ.P. 37(b)(2)(a) and (d).

**DISCUSSION**

It appears to the undersigned that one, if not both, of the pending motions could have been avoided with better communication between counsel for the parties, thus saving each side further expense and delay.  Notably, Defendant refused to consent to an extension of the discovery deadline, even though Defendant acknowledged that it would (and may still) need to supplement its discovery responses after the February 2, 2016 discovery deadline.  See (Document No. 37, ¶10) ("Defendant served supplemental discovery responses on February 3, 2016") and (Document No. 38, ¶17) (as of February 12, 2016, "Defendant states that notwithstanding the aforementioned objection, it is compiling the requested information").

Moreover, it appears that Plaintiff reasonably withheld noticing depositions as she awaited promised supplemental discovery.  The Court agrees that the depositions here are likely to be most efficient after Defendant has fulfilled its discovery obligations.  The undersigned observes that Plaintiff's counsel emailed Defendant's counsel on January 14, 2016, proposing a discovery extension "given that your client is working on supplemental discovery responses," and as a courtesy, requesting "dates that would work to take Eric Lee Bernard Smith's and Misty Harrelson's depositions."  (Document No. 36-7, p.2).  Apparently, Defendant's counsel declined to provide deposition dates that would be convenient for his client/witnesses, or to even timely respond to Plaintiff's request to extend the discovery deadline.  See (Document No. 32, pp.2-3; Document No. 36-8, p.2).

In short, the undersigned finds good cause to extend the discovery deadline in this case through **March 25, 2016**. Plaintiff may notice one (1) or two (2) depositions, provided that the total time for any and all remaining depositions shall not exceed seven (7) hours. Defendant shall complete its discovery responses and/or supplementation of discovery responses, as appropriate, by **March 11, 2016**.[1]

Based on the foregoing, "Plaintiff's Motion To Compel Discovery" (Document No. 35) will be denied without prejudice. Plaintiff may renew her motion to compel and/or request for reasonable attorney expenses related to this pending motion and/or any future motion to compel, if Defendant fails to promptly provide full discovery responses.

The undersigned respectfully encourages counsel to finalize discovery in this matter without further Court intervention.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Extend Discovery Deadline" (Document No. 32) is **GRANTED**, as directed herein.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Compel Discovery" (Document No. 35) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to file a response to "Defendant's Motion For Summary Judgment" (Document No. 39), and/or to file her own dispositive motion, is extended to **April 6, 2016**.

---

[1] The undersigned will decline to address all the issues presented by the motion to compel since supplementation is on-going; however, the undersigned agrees that Request for Production #6 is overly broad. (Document No. 36-2, p.17)

**SO ORDERED**.

Signed: February 23, 2016

David C. Keesler
United States Magistrate Judge